Filed 7/11/23  P. v. Kelley CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>LORNE PAUL KELLEY,<br><br>  Defendant and Appellant. | G061723<br><br>(Super. Ct. No. 07ZF0004)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2022, Lorne Paul Kelley filed a Penal Code section 1172.6 petition seeking to dismiss his 2008 murder and attempted murder convictions.[1] The trial court denied the petition at the prima facie stage. Without weighing the underlying facts, the court found Kelley as a matter of law "was convicted as the actual perpetrator who committed both the murder and attempted murder."

Kelley filed a notice of appeal. Appointed appellate counsel filed a brief raising no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 (*Delgadillo*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Kelley later filed a supplemental brief on his own behalf.

In the interests of justice, this court has reviewed the record and found no arguable issues. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].) We will briefly address the issues Kelley raises in his supplemental brief. We affirm the order of the trial court.


I

FACTS AND PROCEDURAL BACKGROUND

In 2006, Kelley and Ricky Lee Nelson were involved in a fight at a bar. Two bouncers were stabbed in the neck, one of whom died.

In 2008, Kelley testified at trial that "he swung" a knife a few times in self-defense but that he "did not think he hit anyone." The jury convicted Kelley of first degree murder and attempted murder. The jury found true allegations Kelley personally used a deadly or dangerous weapon in the commission of the crimes, and Kelley committed the attempted murder offense willfully, deliberately, and with premeditation.

---

[1] Further undesignated statutory references are to the Penal Code. The Legislature renumbered former section 1170.95 as section 1172.6 without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

The court found true prior conviction allegations and sentenced Kelley to a total aggregate sentence of 57 years to life. This court affirmed Kelley's judgment on direct appeal; this court reversed the judgment as to codefendant Nelson who was tried as an aider and abettor. (*People v. Nelson, et al.* (Dec. 10, 2010, G041677) [nonpub. opn.].)

In April 2022, Kelley filed a section 1172.6 petition seeking to vacate his murder and attempted murder convictions and to be resentenced. The prosecution filed a response, which included a copy of the jury instructions used at trial, a copy of the verdict forms, and the underlying unpublished opinion.

In August 2022, the trial court conducted a prima facie hearing and denied Kelley's petition in a written statement of decision: "In sum, without relying on any factual summary in any appellate opinion or engaging in any improper factfinding, the jury instructions given and the jury's verdicts and findings in this case, demonstrate on their face and as a matter of law to this court that the petitioner was convicted as the actual perpetrator who committed both the murder and attempted murder. There was no possibility that petitioner was convicted under the theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to petitioner based solely on his participation in crime because the jury was never instructed as to any of those theories as to petitioner. Therefore, petitioner is ineligible for resentencing under Section 1172.6 as to both counts."

Kelley filed a notice of appeal and was appointed counsel. Appellate counsel filed a *Delgadillo* brief. Counsel averred he and another attorney at Appellate Defender's Inc., had both reviewed the record in this case. Kelley filed a supplemental brief on his own behalf, which included a copy of the 2010 nonpublished opinion, and a copy of the letter to Kelley from his appellate counsel notifying Kelley of counsel's decision to file a *Delgadillo* brief.

3

II

DISCUSSION

When a defendant's appointed appellate counsel identifies no arguable issues on appeal, an appellate court may independently review the record for arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 230; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

If a defendant files his own supplemental brief, the "opinion must reflect the contentions and the reasons that they fail." (*People v. Kelly* (2006) 40 Cal.4th 106, 120.) However, a "decision does not require an extended discussion of legal principles. [Citations.] Moreover, a recitation of each of the defendant's assertions will not be necessary in all cases; the purposes of the constitutional requirement [for a written decision] may in some circumstances be satisfied by a summary description of the contentions made and the reasons they fail." (*Id.* at p. 121.)

Here, we have reviewed the record on appeal. We agree with appellate counsel that there are no arguable issues. As the trial court stated in its written ruling, it is evident from the 2008 jury instructions and verdict forms that the jury convicted Kelley as the actual murderer and the actual attempted murderer. Because the court did not instruct the jury on any theory of imputed malice, the jury necessarily found Kelley personally acted with malice aforethought. Therefore, the trial court properly found Kelley was ineligible for relief under section 1172.6 as a matter of law.

In his supplemental brief, Kelley asks this court to review witness

4

testimony from the 2008 jury trial and revisit the jury's determinations that he acted with malice and premeditation. Kelley further argues his appellate attorney "did not do his due diligence in verifying" this witness testimony from the 2008 trial. We disagree.

Section 1172.6 governs the resentencing of homicide defendants convicted under a felony-murder theory, a natural and probable consequences theory, or any other theory under which malice may be imputed to a person based solely on his or her participation in a nonhomicide crime. In other words, relief under section 1172.6 is unavailable to those defendants who were found by a jury to have been the actual killer or the actual attempted killer. (See *People v. Strong* (2022) 13 Cal.5th 698, 710-711.)

As appellate counsel stated in his letter to Kelley, "even if there were not evidence of premeditation in your case, that would not make you eligible for resentencing pursuant to Penal Code section 1172.6 because your conviction was not based on a qualifying legal theory in which malice is imputed based *on another person's* actions." (Italics added.)

In short, even if this court were to review witness testimony from Kelley's 2008 jury trial, that would not result in a different outcome in this appeal. Thus, we decline to review the 2008 jury trial testimony, and we further find that appellate counsel appears to have fully complied with his obligations as appointed appellate counsel. (See *Delgadillo*, *supra*, 14 Cal.5th 216; *Wende*, *supra*, 25 Cal.3d 436.)

III

DISPOSITION

The trial court's order denying Kelley's section 1172.6 petition is affirmed.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOTOIKE, J.